## GRIMES v. THE STATE.

CRIMINAL LAW.—*Larceny by Bailee.—Evidence of Intent.—Statements of Defendant.*—On the trial of a defendant indicted for larceny, wherein the evidence established that the defendant had borrowed the chattel alleged to have been stolen, to take it to a certain place, and that he had then gone to a different place and there sold the chattel and used the proceeds, it was competent for the defendant to prove, as bearing on his intent in borrowing the chattel, that he had previously arranged to go with another to such first mentioned place, and that he did not go there because of the fact that such other person was prevented by sickness from going with him.

From the Wayne Circuit Court.

*W. A. Bickle, S. A. Forkner* and *J. F. Kibbey,* for appellant.

*T. W. Woollen,* Attorney General, for the State.

BIDDLE, J.—The appellant was indicted for stealing a shot-gun, the property of Stephen Estep. Conviction;

punishment, fine and imprisonment in the state-prison two years; appeal.

The only questions presented to this court for decision arise under a motion for a new trial.

1. As to the sufficiency of the evidence to sustain the verdict.

The substance of the evidence is as follows: On the 19th day of June, 1878, the appellant asked the prosecuting witness to borrow the gun, stating that he was going to Brownsville. He thus obtained the gun and some shells; two or three weeks before this he had talked with the prosecuting witness about borrowing the gun, and was told he could have it; on the same day he got the gun, he borrowed a valise from another person, stating that he had borrowed the gun and wanted the valise to carry the shells in; value of the gun forty-five dollars; on the next day, after obtaining the gun and valise, he was met in the forenoon, on the road to Richmond, having a gun and valise in his possession, travelling on foot; said he was going to Brownsville; on the morning of the same day, told a policeman he was going to Winchester; had a gun and valise; was seen at Winchester a few days afterwards with a shot-gun and valise; said he was a little hard up and wanted to go to Michigan, and would like to sell the gun; would like to have eight or ten dollars, or such a matter.

Appellant testified in his own behalf, stating the manner he obtained the gun and valise much as stated above; that, when he got the gun, he intended to go to Brownsville, and at that time did not intend to appropriate the gun; did not intend to take the gun off, nor deprive the owner of the property in the gun; after he got the gun and satchel, he went to his mother's, and next morning started for Richmond; he then stated, " I came to Richmond and went to my aunt's, Mrs. Druley's; left on the

evening train for Winchester; have relations there; I didn't offer to sell the gun; didn't go to Brownsville, because my aunt, Mrs. Druley, could not go with me, and Isaac Newby wouldn't go; I stayed at Winchester two or three days, then went to Chicago, thence to Keokuk, thence to DesMoines, thence to Winterset and Indianola; thence to Keokuk, thence to Hannibal, thence in the the county near Hannibal, where I spent the winter; thence to St. Louis, thence to Terre Haute, thence up the Wabash River eighteen miles; fourth of July to Indianapolis, and on the fifth came to Brownsville, then came to Richmond, and then to Boston;. I got on the road a piece, and disposed of the gun; I sold it; I got sixteen dollars; never returned the gun or offered to pay for it."

The remaining part of the evidence has no particular force or significance, and need not be stated.

2. The appellant complains of the rejection of certain testimony by the court upon objection made by the State.

We have set out the evidence above, that this question may be more clearly presented. At the trial the appellant asked Mrs. Druley, a competent witness, on the stand, several questions of similar import, amongst them the following:

"What, if any thing, do you know of his (defendant's) arrangements for going to Brownsville on that day, October 20th, 1878? I'll ask you if you had made an arrangement and preparations previous to that day, October 20th, 1878, and shortly before, to go to Brownsville with defendant that day? If so, state what was said and done towards such preparation, before the day of getting said gun by the defendant?"

By the answers to these questions, the defendant offered to prove that he and the witness, a day or two before the getting of said gun, had made an arrangement to go to Brownsville together, by railroad, by way of Richmond,

and that the defendant came to her house that morning in pursuance of such arrangement, on said day, and asked the witness if she was ready to go to Brownsville, and that the witness could not then go with defendant because of the sickness of her child. This evidence was offered as a circumstance for the jury to consider in determining the motive and intent of defendant, coupled with the act of getting the gun.

As it was incumbent on the State to prove, beyond a reasonable doubt, the existence of the felonious intent in the mind of the defendant at the time he obtained the gun, it was the right of the defendant to offer evidence to controvert or explain the intent, and show that it was not felonious; and we think the evidence offered for that purpose was competent. If the offer had been to prove such previous arrangement by the statements of the defendant alone, the objection would have been well sustained; but the offer is to prove facts independent of the defendant's statements, though coupled with them, tending to show that such an arrangement had been made with the witness. If such facts had been proved, it would then have been for the jury to say whether such arrangement had been made in good faith for the purpose stated, or whether it was made as a mere contrivance by which to feloniously obtain the possession of the gun.

The judgment is reversed; cause remanded, with instructions to sustain the motion for a new trial, and for further proceedings. The clerk will make the order to return the prisoner for trial.